UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:17 CR 208 HEA (NAB) |
| | ) |
| SAMANTHA L. RIVERA, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR PRETRIAL**
**DETENTION AND SETTING CONDITIONS OF RELEASE**

Currently pending before the Court is the government's motion for pretrial detention. (ECF No. 13)  Defendant's status and eligibility for release is complex; a bit of history is useful to understand the context of this Order.

On April 10, 2017, the government initiated the prosecution in this matter by means of a felony complaint authorizing Defendant's arrest.  Specifically, the government alleged that Defendant committed identity theft and health care fraud by posing as a nurse.  (ECF Nos. 1, 2)  At the time of the complaint, the government did not request that Defendant be detained pending trial.  Rather, the government recommended, upon her arrest, Defendant be released on an unsecured bond.  (Id.)  On April 18, 2017, Defendant was arrested in the Northern District of Illinois and had her initial appearance in that District.  Defendant was released on a $10,000 unsecured bond with conditions, and directed to appear in the Eastern District of Missouri at a date and time to be determined.  (ECF Nos. 6-8)  Unfortunately, after releasing Defendant on bond the authorities in the Northern District of Chicago learned that authorities in New Mexico had issued State felony complaint and arrest warrant for Defendant for what appears to be similar

conduct. A copy of the New Mexico complaint, as well as a letter from the Northern District of Illinois is to be filed, **under seal**, as an addendum to this Order.[1]

On May 10, 2017, the Grand Jury returned a two-count indictment against Defendant, charging her with health care fraud and identity theft. (ECF No. 10) On May 11, 2017, Defendant voluntarily appeared in this District. Substantially contemporaneously with Defendant's appearance in this District, the government learned of the New Mexico warrant and, out of an abundance of caution, filed the instant Motion for Pretrial Detention. Defendant was taken into custody and held due to the New Mexico warrant.

On May 11, 2017, at her initial appearance in this District, the undersigned appointed counsel for Defendant and advised her of the problems raised by the New Mexico warrant and the government's detention motion. Later on May 11, 2017, the undersigned held a status hearing with Defendant, her attorney, and AUSA McMurtry to determine the status of the New Mexico warrant. Inasmuch as the status of the New Mexico warrant remained unclear, Defendant was remanded back into custody and the status hearing was continued until May 12th. On May 12th, the parties again appeared and the Court was informed that the New Mexico matter remained unresolved. Accordingly, the undersigned set a hearing on the government's detention motion for May 15, 2017. (ECF Nos. 14, 17, 20)

On May 15, 2017, the parties appeared for the detention hearing. At that hearing a record was made establishing, inter alia, that: (1) New Mexico authorities would not release their warrant or reduce Defendant's bail; (2) Defendant was extraditable and New Mexico authorities were seeking her extradition; and (3) the New Mexico authorities would not permit

---

[1] The New Mexico Complaint and Warrant include personal identifiers and victim information. Therefore, it will be filed under seal. The government shall be permitted to redact any sensitive information and the undersigned will direct that a redacted copy be made available.

Defendant to post bail remotely. Thus, at present, the only way to clear the New Mexico warrant would be for Defendant to be transported, in custody, to New Mexico, and post bail. Defense counsel remains in contact with a lawyer in New Mexico who is attempting to resolve some of these difficulties.

At the detention hearing, Defendant opposed the government's motion for detention, contending that the motion was untimely and made after Defendant's first appearance in the Northern District of Illinois. There is some merit to Defendant's position. In some circuits, a first appearance rule applies. Those courts strictly construe the Bail Reform Act, see 18 U.S.C. § 3142(f), as requiring that a motion for detention be made at (or before) a defendant's first appearance in the matter. See United States v. Payden, 759 F.2d 202 (2d Cir. 1985); United States v. Molinaro, 876 F.2d 1432 (9th Cir. 1989); John L. Weinberg, United States Magistrate Judge, FEDERAL BAIL REFORM ACT HANDBOOK 2016 at 6:3.2 (citing Payden and Molinaro). In other circuits, including our Eighth Circuit, the first appearance rule is not as strict. In the Eighth Circuit, the law appears to be that the government can move for detention, even after a defendant has had her first appearance in the matter, when the government has new evidence pertaining to danger or flight risk. See FEDERAL BAIL REFORM ACT HANDBOOK 2016 at 6:3.8 (citing United States v. Maull, 773 F.2d 1479 (1985) (en banc); United States v. Holloway, 781 F.2d 124 (8th Cir. 1986)).

In the present case, the New Mexico complaint and warrant were issued after Defendant's first appearance in the Northern District of Illinois. The New Mexico complaint is dated April 21, 2017, and Defendant was released in the Northern District of Illinois on April 18, 2017. Thus, the charges in New Mexico reflect new evidence pertaining to Defendant's danger or flight risk that was not known to the government when Defendant had her first appearance and was

released in the Northern District of Chicago. The undersigned concludes that the government's detention motion was timely under our Circuit's precedent.

Nonetheless, the undersigned will deny the government's detention motion on the merits. Although Defendant is charged with a serious offense, after being released in the Northern District of Illinois, she voluntarily appeared in this District. Further, the charges in New Mexico appear to be similar in nature to the charges in this District. Defendant represented to the Court that she has family and resources to post bail in New Mexico, if she is given the opportunity to do so, and she would agree to location monitoring and other non-monetary conditions of release. The undersigned credits Defendant's representations. The information in the Bail Report confirms that Defendant was born and raised in New Mexico and has family there. All of this, however, is academic because Defendant will not be released from some form of custody until the New Mexico situation is resolved.

Our Pretrial Services Office recommends that Defendant be released on the conditions set in the Northern District of Illinois, and that Defendant be required to clear the New Mexico warrant. The undersigned believes that, given the serious nature of the charges, including similar conduct in two states, a location monitoring condition is also necessary.

It should be further noted that, at the detention hearing on May 15th, Defendant was advised that there exists a non-trivial possibility that, if this Court orders her release, she could be extradited to New Mexico. Defendant was further advised that there was no guarantee she would be released in New Mexico and her return to this District for proceedings in this matter could be delayed considerably. Defendant was further advised that any time she spent in New Mexico's custody might not be credited to any federal sentence she would receive, if convicted in this matter. Defendant was advised that these issues are complex. Defendant acknowledged

that her attorney had already advised her of these risks and that she persisted in her request to be released on conditions.

Upon consideration of the entire record and information currently available, the undersigned finds and concludes that the conditions of release outlined below will reasonably assure the Court that Samantha Rivera, the Defendant herein, will not be a danger to the community, will not flee, and will appear as required.

Accordingly,

**IT IS HEREBY ORDERED** the government's motion that Defendant Samantha L. Rivera be detained pending trial (ECF No. 13), though timely, is overruled and denied.

**IT IS FURTHER ORDERED** that Defendant is to be released on the unsecured bond and conditions set in N.D. Illinois (ECF Nos. 6, 7), with the following additional conditions:

1. Defendant must post bond and satisfy the outstanding warrant in New Mexico Case No. T-4-FR-2017002294 (copy of Complaint filed herewith under seal). **Defendant will not be released and the undersigned will not conduct a bond hearing unless and until this condition is satisfied**. Should the New Mexico case be dismissed or the warrant released and there be no other warrants impeding Defendant's release, then this condition will be satisfied.

2. Defendant shall participate in a program of location monitoring due to the serious nature of the charges and the fact that Defendant faces charges in multiple states.

3. Defendant shall be restricted to the Northern District of Illinois, except travel to/from the Eastern District of Missouri and New Mexico, for required court appearances.

**IT IS FURTHER ORDERED** that Defense Counsel shall request a bond hearing before the undersigned after condition Number 1 above has been satisfied.

**IT IS FURTHER ORDERD** that, the Clerk of Court shall file under seal, a copy of the New Mexico complaint submitted herewith.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
United States Magistrate Judge

Dated this 18th day of May, 2017.